Bartholomew *v.* Bartholomew.

Noyes D. Bartholomew, for the use of Betsey Bartholomew, Plaintiff in Error, *v.* A. C. Bartholomew, Defendant in Error.

### ERROR TO PEORIA.

In an action upon a promissory note, given to N. D. B., for the use of B. B., where a receipt is shown in full of all notes, etc., dated six years after the note for a much less sum than the note, it is wrong to direct the jury, that the note and receipt, do not show any fact, which tends to prove that the note is excluded from the receipt; the jurors should be allowed to draw their own conclusions from the facts in the case.

On the 14th February, 1856, the plaintiff in error sued the defendant in error before a justice of the peace of Peoria county, on the following note, viz.:

"Peoria County, Nov. 18, 1841.

Twelve months after date, for value received, I (or we) promise to pay to Noyes D. Bartholomew, or order, for the use and benefit of Betsey Bartholomew, the sum of twenty-five dollars, with six per cent. interest from date.

(Signed)            A. C. BARTHOLOMEW."

Judgment was rendered by the justice for the defendant, and plaintiff appealed to the circuit court of said county, in which court, at the November term, 1856, the cause was tried by a jury and verdict rendered for defendant. Plaintiff moved for a new trial.

Which motion the court overruled and rendered judgment for defendant, and the plaintiff excepted.

The bill of exceptions filed in the cause, shows that when the cause was called for trial the defendant's counsel gave notice, verbally, that he would offer to read in evidence a receipt in words and figures, following:

"Newburg, August 23, 1847.

Received of A. C. Bartholomew, three dollars and twenty-five cents, it being in full of all accounts, notes whatsoever, up to this date.

N. D. BARTHOLOMEW."

On the trial the plaintiff read to the jury, without objection, the note above described, and rested his case. The defendant then offered in evidence said receipt without proof of execution, and for the purpose of showing a full acquittance and discharge of the note—to the reading of which to the jury, the plaintiff objected—but the court overruled the objection and allowed the receipt to be read, and plaintiff excepted. This was all the evidence on either side.

Plaintiff then asked the following instructions, which were given.

That a receipt, though *prima facie* evidence, is not conclu-

sive evidence of payment, and may be rebutted by other evidence, and if the jury believe, from the facts and circumstances in evidence before them, that it was not the intention of the parties by the receipt offered in evidence, to cut off the note, the jury are at liberty to disregard said receipt.

That the facts, that the receipt is for a much less amount than the note; that the note itself was still left in the hands of the party to whom it was given, without explanation, and that said receipt is given by N. D. Bartholomew, alone, while the note is made to him for the use and benefit of Betsey Bartholomew, are all facts proper for the jury to consider in determining the application of the receipt; and if the jury believe, from the evidence, that it was not the intention of the parties to cut off said note by said receipt, they will find for the plaintiff.

Plaintiff also asked the following instructions, which were refused:

"That the party for whose use a note is given is the party alone interested, and that the legal party is a mere technical one, wholly uninterested and without control over the property.

"That it is entirely for the jury to determine what was the intention of the parties in making said receipt, and this intention they are at liberty to infer from the facts shown by the papers in evidence."

The court then instructed the jury as follows, for the defendant:

That the receipt given in evidence in this cause is conclusive evidence of the payment of the note, unless the plaintiff has shown that the note in question was not included in the receipt.

That in this case there is no evidence that the note in question is not included in the receipt (except the note and receipt).

That the papers in this cause do not show any fact which tends to prove that the note in this suit is excluded from the receipt.

The jury then found for the defendant. Plaintiff moved for new trial, which motion was overruled as above stated, and judgment rendered against plaintiff for costs, to which plaintiff excepted and brings his writ of error to this court.

COOPER and REYNOLDS, for Plaintiff in Error.

N. H. PURPLE, for Defendant in Error.

CATON, J. This action was brought upon a note made by the defendant and payable to the plaintiff "for the use and

benefit of Betsey Bartholomew," for twenty-five dollars, and interest.

The defense consisted of a receipt as follows : "Received of A. C. Bartholomew, three dollars and twenty-five cents, it being in full of all accounts, notes whatsoever up to this date," and is signed by the plaintiff. The receipt is dated nearly six years after the date of the note. The note and receipt constitute the whole evidence in the case. Upon this state of the proof the court instructed the jury, among other things, "That the papers in this case do not show any fact which tends to prove that the note in this suit is excluded from the receipt." This instruction, we think, was too strong and should not have been given. These papers disclose the fact, that the note was given to the plaintiff for the use of Betsey Bartholomew, who was the only party beneficially interested in it. That the amount due on the note at the time the receipt was given, was nearly thirty-four dollars, while the receipt was for but three dollars and twenty-five cents. The discrepancy in the amounts of the two, shows that there must have been other dealings between the parties to the cause. Now these facts, apparent on the face of the papers, certainly tended to prove, that the note was not in the contemplation of the parties when the receipt was given, and had the jury come to such a conclusion, we should not have felt inclined to disturb their verdict. It would not have been a violent conclusion for the jury to have arrived at, had they believed that the parties looked upon the note as belonging exclusively to Betsey Bartholomew, who alone was the party really interested in it, and overlooked the mere naked technical title, which was in the plaintiff. Such might be a very common occurrence among men, unacquainted with the technical rules of law, and accustomed to look at the real substance of the transaction. We think the jury should have been allowed to draw their own inferences from the facts in the case.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*